IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC FOSTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:19-CV-829-LSC-KFP |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 wherein Cedric Foster challenges his conviction and resulting sentence for conspiracy to distribute cocaine. Doc. 1.[1] For the reasons discussed below, the Magistrate Judge RECOMMENDS that Foster's motion be denied without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.   BACKGROUND**

In January 2017, Foster was indicted for conspiracy to possess with intent to distribute in excess of 500 grams of cocaine hydrochloride[2] in violation of 21 U.S.C. §§ 841(a)(1), 846.[3] Crim. Doc. 1. In May 2017, the government filed notice under 21

---

[1] References to documents filed in these proceedings are designated as "Doc." References to documents filed in the underlying criminal case (Case No. 2:17-cr-8-LSC) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.
[2] I.e., "powder cocaine."
[3] Also charged as coconspirators in Count 1 of the indictment were Foster's brothers Irvin and Comika Parker. Crim. Doc. 1 at 1. Count 2 of the indictment charged only Parker with misprision of a felony. Crim. Doc. 1 at 2.

U.S.C. § 851 of its intent to show that Foster was subject to enhancement of his sentence to a minimum of 10 years' imprisonment, as provided in 21 U.S.C. § 841(b)(1)(B), based on his prior felony drug offense convictions.[4] Crim. Doc. 60.

On August 28, 2017, at a change of plea hearing conducted by the magistrate judge, Foster pled guilty under a plea agreement to the charge in the indictment. Crim. Doc. 188. The plea agreement contained an appeal and collateral-attack waiver with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct. Crim. Doc. 93 at 6. After a sentencing hearing on May 17, 2018, the district court sentenced Foster to 135 months' imprisonment. Crim. Doc. 186. The district court entered its judgment on May 24, 2018. Crim. Doc. 177.

Foster appealed, arguing that the district court erred in calculating the drug quantities attributed to him and in applying other enhancements for sentencing purposes. On March 4, 2019, the Eleventh Circuit issued an opinion dismissing Foster's appeal on grounds that his arguments were barred by the appeal waiver in his plea agreement. Crim. Doc. 180; *see United States v. Foster*, 755 F. App'x 956 (11th Cir. 2019).

---

[4] A defendant convicted of violating 21 U.S.C. § 841(a)(1) is subject to a sentence enhancement for prior felony drug offense convictions if, before trial or a guilty plea, the government files an information under 21 U.S.C. § 851 giving written notice of the prior convictions to be relied upon. Section 841(b)(1)(B) provides for enhancement of a defendant's sentence to a mandatory minimum term of not less than 10 years' imprisonment if he committed the violation of § 841(a)(1) after a prior conviction for a felony drug offense.

2

On October 21, 2019, proceeding pro se, Foster filed this § 2255 motion asserting the following claims:

1. The government committed prosecutorial misconduct through "abuse of the grand jury process."

2. The magistrate judge lacked the statutory and constitutional authority to conduct his guilty plea proceeding.

3. His counsel was ineffective for failing to argue against application of a two-level enhancement under U.S.S.G. § 3B1.1(c) for assuming a leadership role in the criminal activity.

4. His counsel was ineffective for failing to argue effectively against application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(15)(A) for using friendship or affection to involve another individual in the offense.

5. His counsel was ineffective for failing to argue effectively against attributing to him as relevant conduct 30 ounces of crack cocaine not part of the conspiracy charged in the indictment.

6. His counsel was ineffective for failing to present an argument at sentencing that anticipated the later change in law under the First Step Act.

Doc. 1 at 4–11; *see* Doc. 2.

## II. LEGAL STANDARD FOR § 2255 MOTIONS

A prisoner may have relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See also McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional

rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden to establish that vacatur of a conviction or sentence is required falls upon the prisoner. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

### III. CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*. 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See also Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the

4

petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus exclusively on the underlying outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). However, "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required under both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Thus, once a court decides that one of the requisite showings has not been made, it need not examine the other. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

IV.     **DISCUSSION**

A.      **Prosecutorial Misconduct**

Foster claims the government committed prosecutorial misconduct by "abus[ing] the grand jury process." Doc. 1 at 4; Doc. 2 at 6–7. He argues that the language of the indictment alleging the beginning and ending dates of the conspiracy was deliberately "open-ended" so that additional drug quantities not considered by the grand jury could be attributed to him as "relevant conduct" to increase his calculated offense level under the Sentencing Guidelines.[5] Doc. 2 at 6–7. The government answers that this claim is procedurally defaulted because Foster could have raised it on direct appeal but failed to do so. Doc. 4 at 14–15.

Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055–56 (11th Cir. 1994). A petitioner can avoid this procedural bar by showing both cause for failing to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167–68 (1982); *Mills*, 36 F.3d at 1055.

Foster appears to allege ineffective assistance by his counsel as cause excusing his failure to raise his prosecutorial-misconduct claim. *See* Doc. 10 at 10–11. Ineffective assistance of counsel may satisfy the cause exception to a procedural bar, but only if the claim of ineffective assistance is meritorious. *Greene v. United States*, 880 F.2d 1299, 1305

---

[5] Count 1 of the indictment charged that the conspiracy began "on a date unknown . . . but not later than on or about May 13, 2015" and that the conspiracy "continu[ed] through on or about December 11, 2015." Crim. Doc. 1 at 1.

6

(11th Cir. 1989). This may turn on the merits of the underlying prosecutorial misconduct claim.

Foster fails to establish a meritorious prosecutorial misconduct claim. Essentially, Foster alleges that the government deliberately engaged in sentencing factor manipulation. "Sentencing factor manipulation 'occurs when the government improperly enlarge[s] the scope or scale of [a] crime to secure a longer sentence than would otherwise obtain.'"[6] *United States v. DePierre*, 599 F.3d 25, 28–29 (1st Cir. 2010) (citing *United States v. Vasco*, 564 F.3d 12, 24 (1st Cir. 2009) (internal quotation marks omitted)). Foster's allegation that the government deliberately sought an "open-ended" indictment to facilitate attribution of uncharged drug quantities to him at sentencing is unsupported and entirely speculative.[7] Such unsupported speculation is not a basis for § 2255 relief. There is no evidence that the government engaged in sentencing factor manipulation. Foster fails to prove prosecutorial misconduct or "abuse of the grand jury process." Because Foster proves no merit in his underlying claim, he fails to show that his ineffective-assistance claim has merit. Therefore, the alleged ineffective assistance of his counsel does not constitute cause excusing his procedural default, and he is entitled to no relief on this claim.

---

[6] Most cases in the Eleventh Circuit that consider sentencing factor manipulation do so in the context of alleged manipulations by government in sting operations. *See, e.g., United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007); *United States v. Dames*, 556 F. App'x 793, 796–97 (11th Cir. 2014).

[7] As discussed *infra*, the district court, with the benefit of argument from counsel, reviewed inclusion at sentencing of relevant conduct and the Court finds no basis for Foster's ineffective assistance of counsel claim based upon that.

### B.     Magistrate Judge's Authority to Conduct Guilty Plea Proceeding

Foster argues the magistrate judge lacked the statutory and constitutional authority to conduct his guilty plea proceeding. Doc. 1 at 5; Doc. 2 at 7–11. Relatedly, he argues that his counsel was ineffective for allowing him to consent to have the magistrate judge conduct his guilty plea proceeding. Doc. 10 at 14.

Binding precedent in this circuit forecloses Foster's substantive claim. In *United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004), the Eleventh Circuit, joining every other circuit to have addressed the issue at the time, held that (1) the Federal Magistrates Act, 28 U.S.C. § 636, authorizes a magistrate judge with the defendant's consent to conduct Fed. R. Crim. P. 11 guilty plea proceedings, and (2) the statutory grant is not an impermissible usurpation of Article III powers. U.S.C.A. Const. Art. 3, § 1 et seq. *See Woodard*, 387 F.3d at 1331 (citing cases). Like the defendant in *Woodard*, Foster consented to have his guilty plea taken by the magistrate judge. Foster is entitled to no relief on his substantive claim.

Nor is Foster entitled to relief on his related claim of ineffective assistance of counsel. Foster shows no prejudice stemming from the fact that his change of plea hearing was conducted by the magistrate judge. Thus, he fails to show it was professionally unreasonable for counsel to allow him to consent to having the magistrate judge conduct

his guilty plea proceeding. Showing neither deficient performance nor prejudice, he fails to present a colorable claim of ineffective assistance of counsel.[8]

### C.     Application of Leadership-Role Enhancement

Foster claims his counsel was ineffective for failing to argue against application of a two-level enhancement under U.S.S.G. § 3B1.1(c) for assuming a leadership role in the criminal activity. Doc. 1 at 7; Doc. 2 at 11–12.

Section 3B1.1(c) provides for a two-level enhancement where the defendant was an organizer, leader, manager, or supervisor of criminal activity. U.S.S.G. § 3B1.1(c). Foster argues that his counsel should have challenged the § 3B1.1(c) enhancement in his case because he "does not believe the facts in the record reflect that he organized or was leading 5 participants . . . in the overall crime." Doc. 2 at 12. In making this argument, Foster cites the requirements of U.S.S.G. § 3B1.1(a) that provide for application of a four-level enhancement if the defendant was an organizer or leader of a criminal activity that "involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Thus, Foster's only argument against the enhancement applied to him is based on a faulty premise. The § 3B1.1(c) enhancement requires that there be only one or more other participants in the criminal activity. *See* U.S.S.G. 3B1.1, cmt. n.2. As reflected in the presentence report ("PSR"), there was ample evidence that Foster had a leadership role in

---

[8] Foster also argues that his adjudication of guilt was without legal effect because the magistrate judge who took his guilty plea did not enter a report and recommendation ("R&R") after conducting his plea hearing. However, there is no statutory or constitutional requirement that the magistrate judge enter an R&R after conducting a guilty plea hearing. *See United States v. Chiddo*, 737 F. App'x 917, 921 (11th Cir. 2018) (citing *Woodard*, 387 F.3d at 1334).

9

a drug-distribution conspiracy involving at least two other participants, i.e., his brothers Irvin and Comika Parker. *See* Crim. Doc. 173 (PSR) at 4–7.

Foster identifies no particular argument or evidence that his counsel should have presented in opposition to application of the § 3B1.1(c) enhancement. He demonstrates neither deficient performance by counsel nor resulting prejudice under the standard in *Strickland*. Therefore, he is entitled to no relief based on this claim.

### D. "Friendship or Affection" Enhancement

Foster next claims that his counsel was ineffective for failing to argue effectively against application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(15)(A) for using friendship or affection to involve another individual in the offense. Doc. 1 at 8; Doc. 2 at 12–14.

In cases where the § 3B1.1 enhancement applies, § 2D1.1(b)(15)(A) provides for an additional two-level enhancement if

> (i) the defendant used fear, impulse, friendship, affection, or some combination thereof to involve another individual in the illegal purchase, sale, transport, or storage of controlled substances, (ii) the individual received little or no compensation from the illegal purchase, sale, transport, or storage of controlled substances, and (iii) the individual had minimal knowledge of the scope and structure of the enterprise[.]

U.S.S.G. § 2D1.1(b)(15)(A)(i)–(iii).

The district court found that the § 2D1.1(b)(15)(A) enhancement was appropriate in Foster's case because the evidence showed Foster's brother Irvin participated in the drug-distribution conspiracy for lower compensation because he was Foster's brother. Crim. Doc. 186 at 14. The court specifically cited a large load of drugs Irvin drove for Foster

10

from Atlanta, Georgia to Lee County, Alabama. *Id*. at 12–14. In finding that the § 2D1.1(b)(15)(A) enhancement was warranted, the court found:

> Well, I—I think it's appropriately applied. I think the reason why he participated in this was because he was his brother. You know, the amount of compensation paid [to Irvin] was not, in my opinion, along the same level that you would expect to see with somebody transporting that type of quantity and taking that kind of risk otherwise.

Crim. Doc.186 at 14.

The record reflects that Foster's counsel objected to, and argued strenuously against, applying the § 2D1.1(b)(15)(A) enhancement to Foster. Crim. Doc. 186 at 11–14; *see also* Crim. Doc. 173 (PSR) at 20–21. Foster's § 2255 motion does not identify a particular argument his counsel could have presented at sentencing that would have been reasonably likely to persuade the district court that the § 2D1.1(b)(15)(A) enhancement was inappropriate. Consequently, he demonstrates neither deficient performance by counsel nor resulting prejudice, and he is entitled to no relief on this claim.

### E.    Inclusion of 30 Ounces of Crack Cocaine As Relevant Conduct

Foster contends that his counsel was ineffective for failing to argue effectively against attributing to him, as relevant conduct under U.S.S.G. § 1B1.3, 30 ounces of crack cocaine not part of the conspiracy charged in the indictment, which he says resulted in an 8-level increase in his base offense level. Doc. 1 at 10; Doc. 2 at 14–16.

In calculating Foster's base offense level, the U.S. Probation Office included in the attributable drug amounts 30 ounces of crack cocaine that an informant told drug task force agents the informant had seen being "cooked" at Foster's mother's residence in September 2014. Crim. Doc. 173 at 5, 8–9. That residence had been identified as a "cooking" location

11

for drugs distributed by Foster and another individual, Kervin Miles. *Id*. at 5. However, the 30 ounces of crack cocaine reported by the informant were not charged in Foster's January 2017 indictment. Nevertheless, the Probation Officer found that the 30 ounces of crack cocaine were attributable to Foster as relevant conduct in the charged conspiracy, and the drug amount was included in the calculation of Foster's base offense level. *Id*. at 8, 9.

Foster's counsel objected to inclusion of the 30 ounces of crack cocaine in the calculation of Foster's base offense level, and the matter was the subject of lengthy argument at Foster's sentencing hearing. Crim. Doc. 173 at 20; Crim. Doc. 186 at 3–11, 14–22. Foster's counsel argued that the information from the informant about the crack cocaine was unreliable and was based on hearsay; that the prior conduct was too remote to be included as relevant conduct for the charged conspiracy; and that the prior conduct involved crack cocaine and was irrelevant to the charged cocaine-hydrochloride conspiracy. Crim. Doc. 186 at 14–22.

In response, the government argued that the conspiracy also involved crack cocaine and marijuana, although Foster was charged only for a cocaine-hydrochloride conspiracy. Crim. Doc. 186 at 17, 21–22. The government also noted that the conspiracy charged in the indictment was charged as having begun "on a date unknown," but *not later than* on or about May 13, 2015. *Id*. at 17.

Ultimately, the district court overruled the objection of Foster's counsel, finding that the 30 ounces of crack cocaine constituted "appropriately calculated relevant conduct." Crim. Doc. 186 at 22. Foster neither demonstrates that the district court's finding was erroneous nor identifies a plausible argument or evidence that his trial counsel could have

12

presented that was reasonably likely to change the district court's finding that the 30 ounces of crack cocaine were includable as relevant conduct in determining the drug amounts attributable to Foster. Failing to show deficient performance by his counsel or resulting prejudice, Foster is entitled to no relief based on this claim of ineffective assistance of counsel.

### F. Failure to Anticipate First Step Act

Foster contends that his counsel was ineffective for failing to present an argument at sentencing that anticipated the later change in law under the First Step Act. Doc. 1 at 4; Doc. 2 at 17–18. According to Foster, under the First Step Act, his prior felony drug offense convictions would not have qualified for use to apply the 21 U.S.C. § 841(b)(1)(B) enhancement to his statutory sentence range. Doc. 2 at 17–18.

When Foster was sentenced on May 17, 2018, the prior conviction enhancement in § 841(b)(1)(B) applied where a defendant had a prior "felony drug offense" conviction. The First Step Act of 2018, Pub. L. No. 115-391, § 401, enacted on December 20, 2018, amended the prior conviction enhancement to apply only where a defendant has a prior "serious drug felony" conviction for which the defendant served at least one year of incarceration. *See* 21 U.S.C. § 802(57)(A). The term "serious drug felony" means an offense described in 18 U.S.C. § 924(e)(2). *See* 21 U.S.C. § 802(57)(A). Section 924(e)(2) states, in part, that a "serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C.

802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(ii).

In *Spaziano v. Singletary*, 36 F.3d 1028 (11th Cir. 1994), the Eleventh Circuit reiterated: "We have held many times that 'reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'" 36 F.3d at 1039. It would be unreasonable to require attorneys to predict the future, as Foster suggests his counsel was obligated to do. Counsel could not be ineffective for failing to make arguments based on a change in the law that had yet to occur. *Spaziano*, 36 F.3d at 1039; *see, e.g., United States v. Finley*, 805 F. App'x 823, 826–27 (11th Cir. 2020). Foster does not meet his burden of establishing both deficient performance and prejudice. Therefore, he is entitled to no relief on this claim.

## V.     CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Foster's § 2255 motion be DENIED and that this case DISMISSED with prejudice.

It is further ORDERED that, by **September 23, 2022**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any

subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794V(11th Cir. 1989).

    DONE this 9th day of September, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE